**In the Interest of K.I.A., a Child.**

No. 11–05–00169–CV.

Court of Appeals of Texas,
Eastland.

Aug. 31, 2006.

Merry A. Worley, Odessa, for appellant.

Adrian Chavez, The Chavez Law Firm, Odessa, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J., and STRANGE, J.

**OPINION**

RICK STRANGE, Justice.

Mary Margaret Marquez appeals from the trial court's order in suit affecting the parent-child relationship. We affirm.

*Background Facts*

K.I.A. was born to Marquez in June 2002. Christopher Alvarado, appellee, alleged that Marquez made him believe that he was the father of K.I.A. from the time she became pregnant until after K.I.A. was born. In August 2004, Marquez filed a writ of habeas corpus requesting the trial court to order Alvarado to return custody of the child to her. In her writ, Marquez stated that Alvarado was a non-parent of K.I.A. and did not have a right to possession of K.I.A. After the child was returned

to Marquez, she filed a notice of nonsuit for the writ of habeas corpus. Alvarado filed an original petition in a suit affecting the parent-child relationship. In his petition, Alvarado sought joint managing conservatorship of the child and to have child support orders entered. After the petition was filed, DNA results conclusively showed that Alvarado was not the father of K.I.A. After receiving the DNA results, Alvarado filed a motion for sanctions seeking a judgment against Marquez for all monies paid to her for the care and support of K.I.A. in the amount of $2,543. Marquez filed a motion to deny relief as to the motion for sanctions and a motion to dismiss the petition to establish the parent-child relationship alleging that Alavardo did not have standing to maintain the suit. The trial court denied Marquez's motion, held a hearing, and awarded Alvarado $1,750 as reimbursement for money paid to Marquez for child support. The trial court also found that the genetic testing excluded Alvarado as the father of K.I.A. and adjudicated him as a non-parent. Marquez appeals from this judgment.

### Issue on Appeal

Marquez asserts in her one issue that the trial court did not have jurisdiction to enter an order other than an order of dismissal because Alvarado did not have standing to maintain the case.

### Standard of Review

■ A party's standing to pursue and maintain a cause of action is a question of law. *Coons–Andersen v. Andersen,* 104 S.W.3d 630, 634 (Tex.App.-Dallas 2003, no pet.). We review the question of standing de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998); *Coons–Andersen,* 104 S.W.3d at 634.

### Suit Affecting the Parent– Child Relationship

■ Standing is a threshold issue and must be decided before the merits of the case. *In the Interest of Pringle,* 862 S.W.2d 722, 724 (Tex.App.-Tyler 1993, no pet.). TEX. FAM.CODE ANN. § 102.003(a)(8) (Vernon Supp.2006) lists the persons who may bring and maintain a suit affecting the parent-child relationship. Specifically, it provides:

(a) An original suit may be filed at any time by:

(8) a man alleging himself to be the father of a child filing in accordance with Chapter 160, subject to the limitations of that chapter, but not otherwise.

TEX. FAM.CODE ANN. ch. 160 (Vernon 2002 & Supp.2006) governs paternity actions. A man whose paternity is to be established has standing to maintain a proceeding to adjudicate parentage. Section 160.602.

In Alvarado's petition in the suit affecting parent-child relationship, he alleged that he was K.I.A.'s father and that he had filed an acknowledgment of paternity with the Texas Department of Health Bureau of Vital Statistics. Determining standing at the outset of the case and without delving into the merits of the case, Alvarado had standing to bring the petition in the suit affecting the parent-child relationship. Section 102.003(a)(8). When the DNA results indicated that Alvarado was not the father of K.I.A., the trial court still had jurisdiction to adjudicate the parentage of K.I.A. Section 160.602. The mere fact that DNA test results were returned did not make the proceeding moot. *See Tex. Health Care Info. Council v. Seton Health Plan, Inc.,* 94 S.W.3d 841, 846 (Tex.App.-Austin 2002, pet. denied) (case becomes moot when one seeks a judgment that if rendered cannot have any practical effect on a then-existing controversy). The trial

court had not yet adjudicated Alvarado as a non-parent, and both parties had the opportunity to present a challenge to the test results.

Because Alvarado did have standing to maintain this suit, the trial court had jurisdiction, and its sanctions order is not void. We overrule Marquez's issue on appeal.

### Conclusion

We affirm the trial court's judgment.