In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00073-CV


______________________________







IN THE INTEREST OF L.K.(W.)G., A CHILD






 


On Appeal from the 6th Judicial District Court


Fannin County, Texas


Trial Court No. 37061




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Richard Watts appeals from the dismissal of his petition for genetic testing. Watts had filed
a document entitled "Petition for Genetic Testing" of his ten-year-old granddaughter and another
person. Venue was transferred from Watts' home county to the county of the child's residence. The
Gentrys filed a motion to dismiss, to which Watts responded, and Watts then also filed a "Motion
for Emergency Grandparents Visitation." The Gentrys filed an amended motion to dismiss, which
was heard May 18, 2006. On the date of the hearing, Watts also filed a motion for summary
judgment and another motion for "Emergency Grandparent Visitation/Access." The trial court heard
arguments, declined to hear either of the newly-filed motions, dismissed the petition for genetic
testing, and ordered Watts to pay the Gentrys' attorney's fees. 

 Watts represented himself below, and he also represents himself on appeal. He has labeled
fourteen items as issues presented for review. We note that his contentions are unsupported by
citation  to  relevant  authority  or  to  the  record.  Watts'  contentions  include  complaints  about: 
(1) judgment being rendered in the absence of a party, when that party had not been served; (2) the
trial court's failure to consider his motion for summary judgment, when that motion was first
presented to the court on the day of the hearing the subject of this appeal; (3) the court's refusal to
take judicial notice of "everything in this courtroom"; (4) alleged ex parte communications by
opposing counsel with the judge--claims entirely unsupported by the record; and (5) the court's
refusal to allow him any discovery--a claim that is also unsupported by the record.

 For an issue to be properly before this Court, the issue must be supported by argument and
authorities and must contain appropriate citations to the record. See Tex. R. App. P. 38.1(h); Knoll
v. Neblett, 966 S.W.2d 622, 639 (Tex. App.--Houston [14th Dist.] 1998, pet. denied). We are not
required to search the record, with no guidance from the appellant, to see if an issue was raised by
the record. See Hall v. Stephenson, 919 S.W.2d 454, 466-67 (Tex. App.--Fort Worth 1996, writ
denied). When an appellant does not provide us with an argument that is sufficient to make an
appellate complaint viable, we will not perform an independent review of the record and applicable
law in order to determine whether the error complained of occurred. Ferguson v. DRG/Colony N.,
Ltd., 764 S.W.2d 874, 887 (Tex. App.--Austin 1989, writ denied); Most Worshipful Prince Hall
Grand Lodge v. Jackson, 732 S.W.2d 407, 412 (Tex. App.--Dallas 1987, writ ref'd n.r.e.). 

 We will not do the job of the advocate. Jackson, 732 S.W.2d at 412; Maranatha Temple, Inc.
v. Enter. Prods. Co., 893 S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.] 1994, writ denied). We
also recognize that an inadequately briefed issue may be waived on appeal. See Fredonia State Bank
v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) (discussing "longstanding rule" that
point may be waived due to inadequate briefing); Trebesch v. Morris, 118 S.W.3d 822, 824-25 (Tex.
App.--Fort Worth 2003, pet. denied); TXO Prod. Co. v. M.D. Mark, Inc., 999 S.W.2d 137, 143
(Tex. App.--Houston [14th Dist.] 1999, pet. denied).


 We first address an issue that is dispositive of the appeal. Watts argues in issue nine the trial
court erred by concluding that he, as maternal grandfather, had no standing to initiate the action. 
This contention is one that merits review, for if the court correctly determined that Watts had no
standing, all other arguments regarding the petition become moot. There is no argument, nor is there
any citation to authority or to the record beyond that set out in his one-sentence issue. Watts appears
to take the position that the genetic testing provisions of the Texas Family Code may be used
generally to determine the parentage of a child--and attempts to focus on possible genetic defects
that might be carried by the child and later passed on, and about which she would not otherwise
know. The Texas Family Code does provide for mandatory genetic testing--but only in the context
of determining parentage--and contains a list of the individuals and entities who have standing to
pursue such an action. Section 160.602 of the Texas Family Code provides that (subject to certain
additional limitations), an action may be maintained by the child, the mother, a man whose paternity
is to be adjudicated, a support agency, adoption agency, or a representative authorized by law to act
for the minor, or a person related to the mother if the mother is deceased, or an intended parent. 
Tex. Fam. Code Ann. § 160.602 (Vernon Supp. 2006). Watts is none of these.

 Standing is a threshold issue and must be decided before the merits of the case. In re K.I.A.,
205 S.W.3d 14 (Tex. App.--Eastland 2006, no pet.); In re Pringle, 862 S.W.2d 722, 724 (Tex.
App.--Tyler 1993, no pet.). When standing has been statutorily conferred, the statute itself serves
as the proper framework for a standing analysis. Daimler Chrysler Corp. v. Inman, 121 S.W.3d 862,
869 (Tex. App.--Corpus Christi 2003, no pet.); Everett v. TK-Taito, L.L.C., 178 S.W.3d 844, 851
(Tex. App.--Fort Worth 2005, no pet.); see Williams v. Lara, 52 S.W.3d 171, 178 (Tex. 2001). 
Standing to pursue the action, in this context, is provided by statute. Watts is not a party given
standing to pursue the action. Thus, the trial court correctly dismissed his suit on that basis.

 Watts also argues the trial court erred by refusing to allow him to argue points concerning
standing. The record does not support his statement as to the genetic testing petition. The court
framed the problems, discussed them in open court with counsel and Watts, and reached a
conclusion. Error has not been shown.

 Watts argues in issue twelve that the trial court abused its discretion by allowing a "bogus
attorney fee, not made in good faith, or not supported by documentation to ultimately render
judgment." Although the conclusion appears to be an argument that the evidence does not support
the amount of the award, that is not the issue as discussed in the midst of his issue. The amount of
the attorney's fee ultimately imposed by the court was based on testimony by a different local
attorney explaining a reasonable fee for defending against a lawsuit of this particular type, in light
of the actions which had to be taken by counsel to defend the suit. He concluded by testifying that
he typically used a flat fee for representing a defendant in such a matter and that a $2,500.00
attorney's fee was appropriate based on the amount of time that could reasonably be spent in
defending against the lawsuit (ten hours) and based on the hourly fees of a family law attorney
($250.00) in Fannin County. 

 Watts does not contend the hourly fee was unreasonable, but argues no attorney could
possibly have spent ten hours working on the defense of this case. He bases this on the fact that
appellees' current counsel filed a motion effectively identical to one filed by the prior attorney. 
Watts ignores the time necessarily spent to attempt to familiarize counsel with this uniquely pursued
case, the time necessary to attempt to determine how to proceed in the case--from a legal, a
procedural, and a factual viewpoint--and then to do so, the time spent with clients, and the time
involved in the hearing and preparing the requisite order for the court. 

 The sole factor attacked by Watts--the effectively identical motion filed by counsel--does
not show that counsel committed ethical violations as Watts alleges, and there is nothing to suggest
that the entirety of the fee would relate to the preparation of that order. 

 It appears that Watts' real complaint is that the trial court erred by imposing the attorney's
fees as a sanction pursuant to Tex. R. Civ. P. 13 for his frivolous filing of a lawsuit in which he
clearly had no standing, in a county where the child had not lived for four years, seeking a form of
relief to which he was not entitled. 

 The trial court heard the parties on this matter. Rule 13 allows imposition of the penalties
set out in Rule 215.2(b) on concluding that a pleading or lawsuit is groundless and brought in bad
faith, or groundless and brought for the purpose of harassment, or as an experiment. Tex. R. Civ.
P. 13. "Groundless" is defined by the rule as having "no basis in law or fact and not warranted by
good faith argument for the extension, modification, or reversal of existing law." 

 There is no conceivable way in which the genetic testing statute could be utilized by this
party for this purpose. The trial court found in its judgment that the action was violative of Rule 13
and that the lawsuit was frivolous because Watts had no standing, and then ordered Watts to pay the
appellees' attorney's fees. 

 Sanctions for filing frivolous pleadings are available under Chapter 10 of the Texas Civil
Practice and Remedies Code or under Rule 13 of the Texas Rules of Civil Procedure. Save Our
Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist. ex rel. Board of Directors, 198 S.W.3d 300, 319
(Tex. App.--Texarkana 2006, pet. filed). We review a trial court's Rule 13 sanction for abuse of
discretion. Am. Flood Research, Inc. v. Jones, 192 S.W.3d 581 (Tex. 2006). Although a trial court's
failure to specify the good cause for sanctions in a sanction order may be an abuse of discretion,
Gaspard v. Beadle, 36 S.W.3d 229, 239 (Tex. App.--Houston [1st Dist.] 2001, pet. denied), in this
case, the reason was apparent from the order. 

 We also recognize that sanctions should not be used as "a weapon . . . to punish those with
whose intellect or philosophic viewpoint the trial court finds fault." Save Our Springs Alliance, 198
S.W.3d at 319; Tarrant County v. Chancey, 942 S.W.2d 151, 154-55 (Tex. App.--Fort Worth 1997,
no writ).

 A trial court abuses its discretion if it acts "without reference to any guiding rules and
principles," such that its ruling is arbitrary or unreasonable. Cire v. Cummings, 134 S.W.3d 835, 839
(Tex. 2004). When determining if the trial court abused its discretion, we must ensure that the
sanctions were appropriate or just. Id. The Texas Supreme Court has articulated a two-part inquiry
that we should conduct in making this determination. Id. First, we must ensure the punishment was
imposed on the true offender and tailored to remedy any prejudice caused. Id. Second, we must
make certain that less severe sanctions would not have been sufficient. Id. 

 The punishment was imposed on Watts, who intentionally pursued a patently unavailable
cause of action for reasons not supportable under the statute. Thus, the true offender was punished. 
See Onstad v. Wright, 54 S.W.3d 799, 809 (Tex. App.--Texarkana 2001, pet. denied). The prejudice
caused was that of having to incur attorney's fees to defend against the frivolous lawsuit. The
sanction was tailored to remedy the harm. Watts argues that less severe sanctions would have been
sufficient. He does not suggest what those might be, and we find it appropriate to require an
individual who files a frivolous lawsuit against a party to pay that party's attorney's fees. The
sanction was not as severe as it could have been, and we find no abuse of discretion in imposing this
sanction in this particular situation. The contention of error is overruled. 

 For the reasons stated above, we find that the trial court correctly dismissed the lawsuit and
that the attorney's fees imposed as sanctions are supportable.






 We affirm the judgment of the trial court.


 Jack Carter

 Justice


Date Submitted: January 24, 2007

Date Decided: February 2, 2007