

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00849-CV

**AAA FREE MOVE MINI STORAGE, LLC**,
Appellant

v.

**OIS INVESTMENTS, INC.**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-01619
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 21, 2012

REVERSED AND REMANDED

OIS Investments Inc. ("OIS") sued its landlord, AAA Free Move Mini Storage, L.L.C. ("AAA"), seeking a declaratory judgment that AAA could not terminate the lease and that OIS was properly in possession of the premises.  Both parties moved for summary judgment on the issue of the res judicata effect of a final judgment in a forcible entry and detainer action involving the same property.  The district court denied AAA's partial

motion and rendered a final summary judgment in favor of OIS and awarded OIS attorney's fees. AAA appeals the judgment.

## BACKGROUND

On April 12, 1991, Official Inspection Station, Inc., which is now OIS Investments, Inc., entered into a Ground Lease Agreement (the "Lease") with a previous owner for premises at 7100 Bandera Road. The Lease provided that it could be terminated under certain circumstances and provided for extensions of the Lease. The parties later extended the Lease and, a number of years after that extension, a controversy arose between the parties as to the terms of the extension.

In August 2009, AAA bought the premises and sent OIS a six-month notice of termination of the Lease pursuant to the disputed provisions. After the termination notice was sent but before the six-month period expired, OIS filed this declaratory judgment action seeking a declaration that AAA had no right to terminate the lease and OIS was properly in possession of the premises. AAA then filed a forcible entry and detainer action in March 2010. AAA asserted in both lawsuits that it had terminated the lease under a provision that allowed termination upon six-months' notice. The court in the detainer action disagreed and rendered a take nothing judgment in favor of OIS against AAA on the detainer claim, and awarded OIS its attorney's fees and expenses. The judgment was affirmed on appeal to the county court.

In the declaratory judgment case, AAA counterclaimed with a trespass to try title claim that the lease had terminated and AAA was entitled to possession of the property, a declaratory judgment claim that the lease was not extended or had been terminated under several lease provisions, a breach of contract claim that OIS breached the lease by refusing to vacate the property after the termination, a quantum meruit claim by which AAA sought recovery of

market rental value rather than the lower contract rate OIS was paying, and tortious interference with contract or prospective business relations claims. AAA sought actual and punitive damages, attorney's fees, court costs, and pre-judgment and post-judgment interest.

OIS subsequently moved for summary judgment in the declaratory judgment case on the ground that the final judgment in the detainer case was res judicata of its claim in this cause because the same issue—validity of AAA's termination of the Lease—was decided in the county court. AAA filed a motion for partial summary judgment, seeking a ruling that the judgment in the detainer case was not res judicata of this cause. The district court denied AAA's motion, granted final summary judgment in favor of OIS which expressly disposed of all parties and claims, and awarded attorney's fees to OIS. AAA appealed this summary judgment.

While this appeal was pending, AAA filed another detainer action against OIS alleging nonpayment of rent. The judgment of the county court on appeal, signed August 20, 2012, awarded AAA possession of the premises. AAA subsequently filed in this court a motion asking us to consider that judgment and suggesting this appeal or some parts of it have become moot because OIS has been evicted from the property for nonpayment of rent and its right to possession has been adversely determined. OIS did not respond to this motion. Our record does not reflect whether the county court's August 2012 judgment was timely superseded or appealed, or whether AAA has actually recovered possession of the premises.

**MOOTNESS**

A tenant's surrender of possession or failure to supersede a judgment of possession may cause an appeal on the issue of immediate possession to become moot. *See Marshall v. Hous. Auth.*, 198 S.W.3d 782, 786-87 (Tex. 2006); *Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem.

op.); *De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at *1 (Tex. App.—San Antonio Nov. 7, 2007, no pet.). AAA asserts only that the issue of right to immediate possession of the premises has been rendered moot by the recent eviction judgment. The record before us does not establish that the judgment of possession is final, has not been superseded, or that OIS has surrendered possession. Therefore, the record is insufficient to allow us to determine AAA's motion asserting mootness with respect to the issue of the right to immediate possession of the premises. AAA's claims for trespass to try title, declaratory judgment, breach of contract, quantum meruit, and tortious interference with contract or business relations are all predicated upon issues of title and the ultimate right of possession. Neither these claims nor AAA's complaint about the attorney's fee award are affected by the judgment of possession. We conclude none of the issues in this appeal are moot and we decide whether the trial court erred in granting summary judgment.

## RES JUDICATA

*Applicable Law*

Within the general doctrine of res judicata are two principal categories: (1) claim preclusion, which prevents the relitigation of a claim or cause of action that has been finally adjudicated and all related matters that with the use of diligence should have been litigated in the prior suit, and (2) issue preclusion, which prevents relitigation of particular issues already resolved in a prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *see State & County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001). Res judicata requires proof of the following elements: (1) a final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.

*Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). To determine whether the same claims are the basis for both suits necessarily requires examination of the factual basis of the claims in the cases. *Barr*, 837 S.W.2d at 630. The factual matters that comprise the gist of the complaint are analyzed without regard to the form of action. *Id.* A claim is not barred by res judicata if the court rendering judgment in the initial suit lacked subject-matter jurisdiction over the claim. *Lopez v. Sulak*, 76 S.W.3d 597, 606 (Tex. App.—Corpus Christi 2002, no pet.); *Montgomery v. Blue Cross & Blue Shield of Tex., Inc.*, 923 S.W.2d 147, 150 (Tex. App.—Austin 1996, writ denied). Additionally, res judicata does not operate as a bar to litigation when the second claim could not have been raised in the previous litigation. *Barnes v. United Parcel Serv. Inc.*, No. 01-09-00648-CV, 2012 WL 112252, *4 (Tex. App.—Houston [1st Dist.] Jan. 12, 2012, pet. filed) (citing *Abbott Labs. v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971)).

In a detainer action, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." *Aspenwood Apt. Corp. v. Coinmach, Inc.*, 349 S.W.3d 621, 635 (Tex. App.—Houston [1st Dist.] 2011, pet. granted) (quoting TEX. R. CIV. P. 746); *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied). The sole issue in a detainer action is the right to immediate possession of the premises. *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *Ward*, 115 S.W.3d at 270; *Johnson v. Highland Hills Drive Apts.*, 552 S.W.2d 493, 495 (Tex. Civ. App.—Dallas 1977) (construing predecessor of TEX. PROP. CODE ANN. § 24.008 to prevent any issue in detainer action other than immediate possession from having preclusive effect), *writ ref'd n.r.e. on other grounds*, 568 S.W.2d 661 (Tex. 1978). No other issues, controversies or rights of the parties related to the property, including title, can be adjudicated in such a suit. *Puentes v. Fannie Mae*, 350 S.W.3d 732, 738-39 (Tex. App—El Paso 2011, pet.

dism'd); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "[A] judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question." *Aspenwood*, 349 S.W.3d at 637; *see Hong Kong Dev. Inc.*, 229 S.W.3d at 437 (quoting *Lopez*, 76 S.W.3d at 605). If the resolution of a title dispute is necessarily intertwined with the issue of immediate possession, so that the right of possession depends upon it, possession may not be adjudicated without first determining title. *Aspenwood*, 349 S.W.3d at 635; *Rice*, 51 S.W.3d at 709. In such a case, neither the justice court nor the county court on appeal has jurisdiction to finally determine title. *See Doggett v. Nitschke*, 498 S.W.2d 339, 339 (Tex. 1973); *Aspenwood*, 349 S.W.3d at 635. Such jurisdiction is vested only in the district court. *See Doggett*, 498 S.W.2d at 339; *Aspenwood*, 349 S.W.3d at 635. A leasehold is an interest in real property and a dispute over the existence of a leasehold or its extent and parameters involves a question of title to real property that presents a title question for the district court. *Aspenwood*, 349 S.W.3d at 635; *Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 643 (Tex. App.—Austin 2008, no pet.).

***Discussion***

AAA urges that the trial court erred in granting OIS summary judgment and in denying AAA's motion for summary judgment. AAA asserts that the detainer action addressed only the issue of immediate possession of the premises, did not determine ultimate rights of the parties or affect other claims which could be pursued concurrently in the district court, and the county court's detainer judgment was not res judicata of OIS's declaratory judgment action or AAA's counterclaims.

OIS asserts that res judicata bars relitigation of the issue of right to possession of the premises and AAA's right to terminate the Lease, and argues that the trial court properly granted summary judgment. It contends that the county court specifically determined that AAA could not terminate the Lease and that issue was finally determined for all purposes and cannot be relitigated in this cause.

OIS's right of possession arose solely from the existence of a leasehold. AAA claimed in the detainer suit that it properly terminated the Lease, was entitled to immediate possession of the property, and OIS had no right of possession or any interest in the property. The county court in the detainer action did not have jurisdiction to determine AAA's ultimate right of possession under the Lease by determining the existence and extent of the lease after the termination that court found ineffective. *See Aspenwood*, 349 S.W.3d at 637 (judgment of possession in detainer action is determination only of right to immediate possession and does not determine ultimate rights of the parties to any other issue relating to realty in question); *Merit Mgmt. Partners*, 266 S.W.3d at 644; *Hong Kong Dev. Inc.*, 229 S.W.3d at 437. Indeed, no issues, controversies, or rights of the parties related to the property other than immediate possession could be adjudicated in the county court suit. *See Puentes*, 350 S.W.3d at 738-39; *Hong Kong Dev., Inc.*, 229 S.W.3d at 434. In this case, the central issues are whether a leasehold existed, its extent and parameters, and the right to ultimate possession. These issues require the resolution of the title questions surrounding the validity of the lease. *See Aspenwood*, 349 S.W.3d at 635, 637 (holding leasehold is interest in real property and dispute of existence of leasehold or its extent and parameters involves question of title to real property for district court); *Merit Mgmt. Partners*, 266 S.W.3d at 643. Because the county court in the

detainer action did not have jurisdiction to decide those title questions, its judgment does not support the application of res judicata and does not have preclusive effect in this case.

All of AAA's claims in this case—trespass to try title, declaratory judgment, breach of contract, quantum meruit, and tortious interference with contract or prospective business relations—require the resolution of a title dispute. To prevail on each of these claims, among other elements, AAA had to establish that the leasehold had terminated and that AAA was entitled to the ultimate right of possession of the premises. *See Aspenwood*, 349 S.W.3d at 635; *Merit Mgmt. Partners*, 266 S.W.3d at 643.

The ultimate right to possession at issue here and the right to immediate possession addressed in the county court are independent and different issues. *See Puentes*, 350 S.W.3d at 739; *Aspenwood*, 349 S.W.3d at 637 (such actions may run concurrently with a detainer suit, even if other action adjudicates matters that could result in different determination of possession). Likewise, the issue of immediate possession in the county court and at issue here are independent. *See Puentes*, 350 S.W.3d at 739 (award of possession on particular date does not implicate party's possessory right on a future date). The detainer action and this cause do not involve the same claims. *See Amstadt*, 919 S.W.2d at 652; *Puentes*, 350 S.W.3d at 739. The detainer action therefore is not res judicata of AAA's claims or the right to immediate possession asserted in this cause. *See Amstadt*, 919 S.W.2d at 652; *Puentes*, 350 S.W.3d at 739; *Lopez*, 76 S.W.3d at 606.[1]

### ATTORNEY'S FEES

AAA asserts the trial court erred in awarding attorney's fees to OIS because OIS did not move for attorney's fees in its motion for summary judgment. OIS does not deny AAA's

---

[1] Because of our disposition of this issue, it is not necessary to address the parties' additional arguments and authorities on this point.

assertion, but contends that AAA was afforded sufficient notice of the attorney's fee claim in the motion and that AAA has not preserved this complaint.

*Applicable Law*

The first sentence of Rule 166a(c) provides: "The motion for summary judgment shall state the specific grounds therefor." TEX. R. CIV. P. 166a(c). Moreover, summary judgment shall be rendered only when the evidence shows "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law *on the issues expressly set out in the motion* or in an answer or any other response." *Id.* (emphasis added*)* "It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding." *Chessher v. Sw. Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983); *see Torres v. Garcia*, No. 04-11-00822-CV, 2012 WL 3808593, *5 (Tex. App.—San Antonio Aug. 31, 2012, no pet.) (mem. op.) (where party pled for attorneys' fees in petition, attorneys' fees affidavit was attached to summary judgment motion, but fees claim was not expressly raised in motion, trial court erred in awarding attorneys' fees); *Trebesch v. Morris*, 118 S.W.3d 822, 827 (Tex. App.—Fort Worth 2003, pet. denied) (summary judgment motion on breach of contract claim where prayer seeking judgment "including attorneys' fees" was only reference to fees, held not to involve attorneys' fees claim); *see also Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App.—San Antonio 1991, writ denied) (if issues are obvious from summary judgment proof, it is not burdensome to require movant to state them in motion; issues may be stated concisely, without detail, but must at least be listed in motion). In determining whether issues were expressly stated, the courts may not rely on briefs or summary judgment evidence. *See Trebesch*, 118 S.W.3d at 827; *Torres*, 2012 WL 3808593, at *5.

*Discussion*

OIS's motion for summary judgment states it "embraces the entire cause of action stated in the pleadings against Defendant." OIS's live pleading, its second amended petition, requested reasonable and necessary attorney's fees, as did its two prior, superseded pleadings. The motion for summary judgment does not mention a claim for attorney's fees. However, the motion "directs the Court's attention to" the affidavit of OIS's counsel, Mr. Golden, which was attached to the motion and incorporated by reference. The affidavit addressed only attorney's fees. Mr. Golden testified to the amount of reasonable attorney's fees and attached 72 pages of exhibits including pleadings, letters, orders, and judgments which he created and filed, or received from the courts or opposing counsel. Finally, OIS prayed that the court grant its motion for summary judgment "in all things."

OIS did not expressly set out its request for recovery of attorney's fees in its motion for summary judgment. *See Chessher*, 658 S.W.2d at 564. It cannot cure that deficiency by reference to its affidavit or other summary judgment evidence or to the pleadings. *See Trebesch*, 118 S.W.3d at 827; *Torres*, 2012 WL 3808593 at *5. The issues upon which judgment is sought must at least be listed in the motion. *See Roberts*, 811 S.W.2d at 146. Having failed to request or even refer to attorney's fees anywhere in the motion itself, OIS was not entitled to summary judgment for attorney's fees.

OIS also contends that AAA failed to preserve error because it did not object to the fee award on this ground until its motion for new trial. We disagree. Where the motion for summary judgment either expressly states no grounds or states some but not other grounds, the non-movant is not required to except or object to the motion to preserve the error. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993). On the other hand, when the

grounds the movant relied upon were unclear or ambiguous, an exception is required for the non-movant to complain on appeal. *Id.* at 343. AAA's complaint here is not that OIS's motion for summary judgment contained an unclear or ambiguous claim for attorney's fees; rather, AAA complains that OIS failed to expressly present its claim for attorney's fees in its motion for summary judgment. Accordingly, AAA was not required to make any objection or exception in the trial court and its complaint is properly before this court. *See id.* at 342; Torres, 2012 WL 3808593, at \*5. AAA's issue regarding attorney's fees is sustained and the judgment awarding OIS attorney's fees is reversed.

## CONCLUSION

The trial court's judgment against AAA on its trespass to try title, declaratory judgment, breach of contract, quantum meruit, and tortious interference with contract or prospective business relations claims, and in favor of OIS concerning the immediate right to possession of the premises and for attorney's fees is reversed and remanded to the trial court for further proceedings consistent with this opinion.

Steven C. Hilbig, Justice