

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00107-CV

DARLENE C. AMRHEIN, Appellant

V.

LA MADELEINE, INC., Appellee

On Appeal from the County Court at Law No. 5
Dallas County, Texas
Trial Court No. CC-96-10227-E

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Darlene C. Amrhein initially sued La Madeleine, Inc., for failing to provide a safe workplace, alleging primarily that she developed carpal tunnel syndrome from the repetitive motion of tossing or mixing salads over a period of less than five months.[1] *See Amrhein v. La Madeleine, Inc.*, No. 05-08-00350-CV, 2009 WL 1883737, at \*5 (Tex. App.—Dallas Jun. 30, 2009, pet. denied).[2] La Madeleine filed a no-evidence motion for summary judgment, the trial court granted La Madeleine's motion, and it dismissed all of Amrhein's claims. *Id.* The Dallas Court of Appeals affirmed the trial court's judgment with respect to negligence claims. *Id.* at \*7. However, because Amrhein asserted other claims "including gross negligence, breach of implied contract, bad faith and breach of the duty of good faith and fair dealing, conspiracy, fraudulent conduct, misrepresentations, and intentional infliction of emotional distress" and La Madeleine's no-evidence motion for summary judgment failed to address these claims, the Dallas court reversed the trial court's summary judgment on these claims and remanded the matter for further proceedings in the trial court. *Id.* La Madeleine filed a second no-evidence motion for summary judgment relating to Amrhein's remaining claims. In response, Amrhein attached summary judgment evidence that related only to her already dismissed negligence claim. The trial court granted La Madeleine's motion, and Amrhein's remaining claims were dismissed.

---

[1] Amrhein's date of hire was listed as September 1, 1994, and her complaints of injury alleged a date of injury as January 26, 1995.

[2] Originally appealed to the Dallas Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Amrhein penned the following as "issues presented" in her pro se brief:

1)      Abuse of Discretion, Arbitrarily Acts; No Reference to Guiding Legal Principles:

2)      No Jurisdiction on state & federal claims; (ERISA, discriminations, defamation);[3]

3)      No Reinstatement from "2009[4] automatic bankruptcy stay" in case for jurisdiction;

4)      Two Abatements refused, not heard & denied & refused authentications;

5)      Denied discovery, abuses, no enforcement, sanctions abuses & secrecy of evidence;[5]

6)      Treating Appellant differently then Appellee, Exparate [sic] Communications -2 books;[6]

7)      Denied access to courts & elimination of court reporter record for Appeal;

8)      Favoritism, secrecy, denied summary judgments & pandering for money-Judge Akin;

9)      Denied hearings, settings, motions, evidence, 3 summary judgments & responses, objections, amended pleadings, deposition, affidavits, 62 causes of action as filed;[7]

---

[3]Amrhein's motion for leave to file over fifty causes of action was denied by the trial court.

[4]This case was transferred to the County Court at Law No. 5 on September 9, 2011.

[5]No order on Amrhein's discovery motions appears in the record.

[6]Amrhein filed several motions to recuse several judges during the course of this litigation which began in 1996. Judge Michael Snipes, who ruled on Amrhein's last motion to recuse, determined that the motion was "groundless with no basis in law or fact," and "was filed in bad faith and for the purpose of harassment, and was clearly brought for the purpose of unnecessary delay and without sufficient cause." There is no appeal from this order.

[7]Amrhein filed her own motion for summary judgment and complains that the trial court refused to hear her motion but heard La Madeleine's motion. La Madeleine filed no claims against Amrhein.

10) Negligence err decided no examination of complete 16 plus year record for ruling;

11) Gross Negligence is negligence, summary judgment motion contrary to order, errors;[8]

12) Frauds, intents, retaliation, caused injuries, loss, damages & harm against Appellant;

13) Threats, harass, bias, discriminations, prejudice, conflict of interests (federal lawsuit);

14) No examination of record, no case knowledge, elimination & prevention of evidence;

15) Refuse correcting errors, orders, no service to prevent examination, unjust sanctions;

16) No "Due Process," No Jury Trial (paid), 16 plus years litigation, 4 Appeals & costs;

17) Two Recusals, Unjust Sanctions, Incomplete Recusal Hearing, Invalid Order;

18) Cover up, conspiracy, intimidation, confusion, incompetence, multiple judges, errors;

19) Motion For New Trial denied, no hearing, violated state & federal laws, legislating from bench, witness tampering, violations of authority, licensing & oath of office;

20) Violations of 3 Appeal Orders, denied Constitutional Rights, filed evidence is more than scintilla of proof, arbitrary acts without guiding principles under color of law;

21) Invalid, vague Orders, missing records, decide Federal claims, frauds, no jurisdiction.

---

[8]La Madeleine argued that since the Dallas Court of Appeals affirmed the grant of summary judgment on Amrhein's claims of negligence, her gross negligence complaints could not prevail.

At a minimum, "[a] complaint on appeal must address specific errors" committed by the trial court. *Cammack the Cook*, *L.L.C. v. Eastburn*, 296 S.W.3d 884, 889 (Tex. App.—Texarkana 2009, pet. denied). Because this appeal was filed following the dismissal of Amrhein's remaining causes of action, we necessarily must presume that Amrhein appeals from the grant of La Madeleine's summary judgment and the order of dismissal.

A pro se litigant is held to the same standards as licensed attorneys and must therefore comply with applicable laws and rules of procedure. *Decker v. Dunbar*, 200 S.W.3d 807, 809 (Tex. App.—Texarkana 2006, pet. denied) (citing *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied)); *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex. App.—Texarkana 1995, writ denied). Otherwise, pro se litigants would be given an unfair advantage over those parties represented by counsel. *Greenstreet v. Heiskel*, 940 S.W.2d 831, 835 (Tex. App.—Amarillo 1997, no writ). We cannot make allowances just because a litigant is not an attorney. *Foster v. Williams*, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied).

Our review of Amrhein's pro se brief leads us to the unfortunate conclusion that it is incomprehensible. It can accurately be described as a fifty-page denunciation of perceived slights by the legal system and her belief that because she has not prevailed, the system has treated her unfairly at every turn.[9] While the brief provides a list of the remaining causes of action of gross negligence, breach of implied contract, bad faith and breach of the duty of good

---

[9]The following is a sample of some of the alleged grievances as listed in the Summary of Argument section: No jurisdiction, unfairness, ignored state laws, no due process, incompetence, conflict of interest, bias, favoritism, threats, unjust sanctions, frauds, intimidation, retaliation, denied hearings, discriminations, abuse of process, delays, harassment, defamation, conspiracy, unethical judges, no fairness, and breaches of oath of office.

faith and fair dealing, conspiracy, fraudulent conduct, misrepresentations, and intentional infliction of emotional distress (as well as a number of other causes of action not included in the live pleading), she has provided us with no analysis. Even though Amrhein states she has "96 Reasons" for reversal,[10] the brief does not specify any evidence which would demonstrate that a genuine issue of material fact was raised by Amrhein. Simply put, despite having a section labeled "argument," her brief does not argue her position. The argument portion of the briefing relating to the grant of summary judgment to La Madeleine is missing.

When the appellant does not provide us with argument that is sufficient to make an appellate complaint viable, we will not perform an independent review of the record and applicable law in order to determine whether the error complained of occurred. *In re Estate of Bean*, 206 S.W.3d 749, 756 n.5 (Tex. App.—Texarkana 2006, pet. denied) (citing *Ferguson v. DRG/Colony N., Ltd.*, 764 S.W.2d 874, 887 (Tex. App.—Austin 1989, writ denied); *Most Worshipful Prince Hall Grand Lodge v. Jackson*, 732 S.W.2d 407, 412 (Tex. App.—Dallas 1987, writ ref'd n.r.e.)). It is inappropriate for this Court to create arguments where none exist. We are arbiters. We do not take positions for parties, but examine the positions taken by them. "[W]e will not do the job of the advocate." *Paselk v. Rabun*, 293 S.W.3d 600, 613 (Tex. App.—Texarkana 2009, pet. denied) (citing *Maranatha Temple, Inc. v. Enter. Prods. Co.*, 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ denied)); *Most Worshipful*, 732 S.W.2d at 412.

---

[10]These include, among many others, blanket statements of lack of jurisdiction, conflicts of interest, ERISA, court reporter, recusals, exparte communications, disability, senior citizen, humiliation, trickery, conspiratorial actions of judges, racketeering (RICO), and dereliction of duty.

6

The brief in this case contains no legal argument or discussion of why the trial court erred in granting the summary judgment. "The Texas Rules of Appellate Procedure require an appellant's brief to contain 'a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *Decker*, 200 S.W.3d at 809 (quoting TEX. R. APP. P. 38.1(i)). "We are not required to search the record, with no guidance from appellants, to see if an issue of material fact was raised by the record." *Trebesch v. Morris*, 118 S.W.3d 822, 825 (Tex. App.—Fort Worth 2001, pet. denied) (citing *Hall v. Stephenson*, 919 S.W.2d 454, 466–67 (Tex. App.—Fort Worth 1996, writ denied)).

We conclude that the substance of Amrhein's jumbled brief presents nothing for our review. We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:     February 28, 2013
Date Decided:       March 6, 2013

7