**D. A. DOGGETT, Petitioner,**

v.

**James B. NITSCHKE et al., Respondents.**

**No. B3857.**

Supreme Court of Texas.

July 25, 1973.

Stayton, Maloney, Black, Hearne & Babb, Thomas Black and Douglass D. Hearne, Austin, for petitioner.

Coleman Gay, Austin, for respondents.

ON REHEARING OF APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is an action in the county court to determine the ownership of a $9,000 condemnation award which was deposited in the registry of the County Court at Law, No. 2, of Travis County. All of the parties to this action were formerly defendants in a condemnation proceeding brought by the Board of Regents of The University of Texas System. James B. Nitschke and Mary Alice Smith, as the fee owners of the land that was taken, assert their right to the fund, as does D. A. Doggett, their former tenant. The opinion of the court of civil appeals correctly states the facts and the nature of the dispute. 489 S.W.2d 335.

At issue is whether D. A. Doggett had a lifetime lease of the condemned tract, upon which determination the recovery of the $9,000 depends. The fee owners dispute Doggett's claim to a lifetime leasehold estate and also urge that such a lease is void in law. This presents a dispute about the title to land within the meaning of Section 8, Article V of the Texas Constitution, Vernon's Ann.St. Galley v. Hedrick, 127 S.W.2d 978 (Tex.Civ.App.1939, no writ); see Kallison v. Western Flavor-Seal Company, 403 S.W.2d 507 (Tex. Civ.App.1966, writ ref'd n. r. e.); Gossett v. Manley, 43 S.W.2d 622 (Tex.Civ.App. 1931, writ ref'd).

A county court does not have jurisdiction to try questions of title to land. Blaylock v. Riser, 163 Tex. 235, 354 S.W. 2d 134, 135 (1962). Upon the authority of McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265 (1957), this

court may take jurisdiction of such an appeal and make appropriate orders. We accordingly grant petitioner Doggett's motion for rehearing, we withdraw our order of May 16, 1973, refusing the application for writ of error, no reversible error, and we grant the application. Under the authorization of Rule 483, Texas Rules of Civil Procedure, the judgments of the courts below are vacated and the cause is dismissed, without prejudice to the rights of the parties to pursue further actions in the district court. Zuniga v. U. S. Investors, Inc., 453 S.W.2d 811 (Tex.1970).