**Jimmie L. PHILPOT, Appellant,**

v.

**Bert FIELDS, Jr., Appellee.**

**No. 9041.**

Court of Appeals of Texas, Texarkana.

March 3, 1982.

Rehearing Denied March 23, 1982.

Bailey C. Moseley, Moseley & Moseley, Marshall, for appellant.

Ruben K. Abney, J. Rodney Gilstrap, Abney, Baldwin & Searcy, Marshall, for appellee.

BLEIL, Justice.

■ Is a land lease for a term of years and *so long thereafter* as the land is used for certain purposes unenforceable past the stated term because of an indefinite ending date? This is the only issue on appeal. The trial court, on stipulated facts, declined to declare the lease unenforceable. We affirm, holding that the lease is sufficiently definite and certain for enforcement.

On October 5, 1956, Florence Akin leased a 9.4 acre tract of Harrison County land to Bert Fields, Sr. The lease was filed in the Harrison County Deed Records. Jimmie Philpot now holds title to the land.

The lease is for a term of 20 years and so long thereafter as the lessee, his heirs, successors or assigns, may use the premises for the purpose of maintaining and operating a LTX separator, tanks and other machinery, appliances, and equipment in connection with the processing, refining, treating, and storing of natural gas and its derivatives, or other petroleum products. The lease provides for $75.00 annual rent.

Shortly after the lease was signed Bert Fields, Sr. put an LTX separator, tanks, other machinery and appliances on the land for use in processing, refining and treating natural gas and other petroleum products. Since the lease was signed, first Bert Fields, Sr. and then Bert Fields, Jr. continuously operated the separator and other equipment. All rent has been timely paid and the property has been used in compliance with the lease continuously since 1956.

■ Philpot argues that after the 20 year term the lease is indefinite, therefore a mere tenancy at will. A tenancy at will is terminable by either party to a lease. *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307 (1935); *Lea v. Hernandez*, 10 Tex. 137 (1853); *Hill v. Hunter*, 157 S.W. 247 (Tex. Civ.App.—Austin 1913, writ ref'd). Thus, if the lease creates a tenancy at will after the end of the 20 year term Philpot can now terminate. And, when one holds premises for an uncertain time, he is generally held to be a tenant at will unless the lease makes reference to some certainty. In *Holcombe*

*v. Lorino,* supra, the court stated that leases for uncertain terms are prima facie leases at will.

After the expiration of the 20 year term this lease is of uncertain duration but does continue as long as rents are paid and the land is used for specific, definite purposes. We determine that the lease does not create a tenancy at will after the end of the 20 year term. It does not fall within the traditional concept of a tenancy at will. Restatement (Second) of Property § 1.6, comment *g*; § 1.7, comment *b* (1977).

The strongest case in support of Philpot's position is *Norman v. Morehouse,* 243 S.W. 1104 (Tex.Civ.App.—Amarillo 1922, writ dism'd). In it a building was leased to Norman and Mabrey for monthly rentals. The lease was partly oral and partly written, and was for so long as either " '. . . engaged in the business of making and repairing harness [sic], shoes, . . .' etc. . . .". The court said that the writing was hardly sufficient to meet the legal requirement that the lease be written, but went further to say,

"... even if the contract were in writing, the tenancy must be one at will because of the uncertainty of the term as fixed by the agreement of the parties. Certainty as to the term was at common law a requisite to a valid lease for years. An agreement for a term ending on a contingency was not sufficient."

For this proposition *Morehouse* relied on *Hill v. Hunter,* supra, and *Lea v. Hernandez,* supra. A review of the law and reasoning which requires a lease to be of a definite and certain duration is found in *Nitschke v. Doggett,* 489 S.W.2d 335 (Tex. Civ.App.—Austin 1973), *vacated,* 498 S.W.2d 339 (Tex.1973). The court in *Nitschke* reluctantly held a lease for the rest of the tenant's life to be a tenancy at will terminable at any time by either party. This reluctance was based on the trend in the law away from such a holding. Wallenstein, *Property, Annual Survey of Texas Law* 28 Sw.L.J. 62 (1974). Cases such as *Morehouse* and *Nitschke* can be distinguished from the present one on two grounds: (1) those cases do not consider a complete, written lease agreement between the parties, clearly expressing their intent, and (2) those cases do not necessarily tie the agreement's termination to a definite, ascertainable use of the land. However, we would decline to apply the rationale of those cases even if they were not distinguishable.

We determine that the comprehensive written lease before us did not create a tenancy at will. It is specific in expressing rights, obligations, and duties of the parties. Although there is no definite ending date after the 20 year term, that date is tied to the cessation of the use of the land for certain definitely ascertainable purposes. Common sense, logic and the trend in the law supports this decision. It appears that the parties intended to create a perpetual right to lease the land. When the parties' intent is made clear, courts should enforce the agreement as written, even though perpetual rights are not favored. *Hull v. Quanah Pipeline Corporation,* 574 S.W.2d 610 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.). This is merely an application of the rule that we give effect to parties' intent when expressed in an unambiguous writing. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515 (Tex.1968).

A lease for the surface of land which is to extend for the term of an oil and gas mineral lease has a term of definite duration. *Sirtex Oil Industries, Inc. v. Erigan,* 403 S.W.2d 784 (Tex.1966). This was the *Sirtex* holding without discussion of tenancy at will, despite the recognition that the lease could be terminated by the lessee on his voluntary choice to terminate.

No legitimate reason exists for us to hold that parties cannot freely and intelligently lease land for so long as a certain definite use is made of the land. Although Fields can terminate this lease when he desires by his voluntary choice, this lease does not create a tenancy at will terminable at the will of either party. It is enforceable.

We affirm the trial court's judgment.