Rhonda 



 NO. 12-02-00131-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KAJO CHURCH SQUARE, INC.,
§
 APPEAL FROM THE 

AND THE KAJO TRUST

APPELLANTS


V.
§
 COUNTY COURT AT LAW #1


DON WALKER, PATSY RUTH WALKER,

JOE C. EAKIN, III AND MERIAM EAKIN,

APPELLEES
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Don and Patsy Walker and Joe and Meriam Eakin (hereinafter collectively referred to as
"Appellees") filed a declaratory judgment action in which they pleaded that they had a life estate or
a leasehold for life in certain property owned by Kajo Church Square, Inc. and the Kajo Trust
(hereinafter collectively referred to as "Kajo"). Both parties filed motions for summary judgment. 
The trial court granted Appellees' motion and denied Kajo's motion. Kajo appeals both judgments. 
We reverse the judgment for Appellees, with the exception of the trial court's grant of their motion
for attorneys' fees, which we affirm; otherwise, we render judgment for Kajo. 


Background 

 Appellees transferred ownership of two parcels of land in Whitehouse, Texas to Grace
Covenant Fellowship Church ("Grace" or "church"). Part of the transfer was a gift, and part was a
sale. The deed does not include any language which would indicate that the couples had reserved a
life estate for themselves. Contemporaneously, the church leased one of the parcels of land back to
Appellees. The document stated that the lease would continue in effect until "the date of death of the
last of the Lessees to die." 

 Four years later, the church sold the acreage to Kajo Church Square, Inc. and the church
building to Kajo Trust. One week after purchasing the property, Kajo notified Appellees that it was
terminating the lease. The two couples filed a declaratory judgment action against Kajo, asking the
court to declare the rights and responsibilities of all parties as to the property. They sought a
declaratory judgment that they had retained a life estate interest in the property or, in the alternative,
that their lease of the property was a lease for life, terminable only upon the death of all four
Appellees. They also pleaded that if, in fact, the property interest was a lease, Kajo breached that
contract when it gave Appellees notice of termination of that lease. Further, Appellees asked that the
original transaction between Appellees and Grace be rescinded if the court construed the lease to be
a tenancy at will.

 Appellees filed a motion for summary judgment, as did Kajo. Both motions averred that there
were no disputed issues of material fact, and that each of the parties was entitled to judgment as a
matter of law. The trial court granted Appellees' motion and denied Kajo's, which decisions Kajo
now appeals.


Standard of Review

 In reviewing a 166a(c) motion for summary judgment, this court must apply the standards
established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985):


 1. The movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law.

 2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.

 3. Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.



See Nixon, 690 S.W.2d at 548-49. For a party to prevail on a motion for summary judgment, he must
conclusively establish the absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either negate at least one
essential element of the non-movant's cause of action, or prove all essential elements of an affirmative
defense. See Randall's Food Mkt., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); see also 
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and
all doubts about the existence of a genuine issue of a material fact are resolved against the movant,
we must view the evidence and its reasonable inferences in the light most favorable to the non-movant. See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47
(Tex. 1965). We are not required to ascertain the credibility of affiants or to determine the weight of
evidence in the affidavits, depositions, exhibits and other summary judgment proof. See Gulbenkian
v. Penn, 252 S.W.2d 929, 932 (Tex. 1952). The only question is whether or not an issue of material
fact is presented. See Tex. R. Civ. P. 166a(c).

 Once the movant has established a right to summary judgment, the non-movant has the burden
to respond to the motion for summary judgment and present to the trial court any issues that would
preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678-79 (Tex. 1979). The non-movant can also defeat the motion by conceding that the material
facts are undisputed, but convincing the court that the movant's legal position is unsound. American
Med. Elec., Inc. v. Korn, 819 S.W.2d 573, 576 (Tex. App.-Dallas 1991, writ denied). All theories
in support of or in opposition to a motion for summary judgment must be presented in writing to the
trial court. See Tex. R. Civ. P. 166a(c). If a theory is not expressly presented to the trial court, it shall
not be considered on appeal as grounds for reversal. Id. 

 Where both parties file a motion for summary judgment, and one is granted and one is denied,
we should review the summary judgment evidence presented by both sides, determine all questions
presented, and render such judgment as the trial court should have rendered. Lubbock County v.
Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 583 (Tex. 2002). In doing so, we first review the
order granting summary judgment and if we determine the order was erroneous, we review the trial
court's action in overruling the denied motion. See Tobin v. Garcia, 159 Tex. 58, 60, 316 S.W.2d
396, 398 (1958). Each party must carry his burden and neither may prevail because of the failure of
the other to discharge his burden. State Farm Lloyds v. C.M.W., 53 S.W.3d 877, 883 (Tex.
App.-Dallas 2001, pet. denied). We may either affirm the judgment or reverse and render the
judgment the trial court should have rendered, including one that denies both motions. Gramercy Ins.
Co. v. MRD Investments, Inc., 47 S.W.3d 721, 724 (Tex. App.-Houston [14th Dist.] 2001, pet.
denied)(citing Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988)). We may also render judgment
for the other movant, Jones, 745 S.W.2d at 900, provided that both parties sought final judgment
relief in their cross motions for summary judgment. CU Lloyds of Texas v. Feldman, 977 S.W.2d
568, 569 (Tex. 1998). When a summary judgment does not specify or state the grounds relied on, as
in the instant case, the summary judgment will be affirmed on appeal if any of the grounds presented
in the motion are meritorious. See Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173
(Tex. 1995). 


Motions for Summary Judgment

 Appellees filed a motion for summary judgment asserting that 1) Kajo had actual and
constructive notice of Appellees' interest in the property, 2) the interest owned by Appellees was
either a life estate or a leasehold for life, and 3) Appellees were entitled to recover their attorney's
fees. Kajo also filed a motion for summary judgment contending that 1) Appellees' interest was a
tenancy at will and not a life estate or leasehold for life, 2) Appellees were not entitled to recover for
their improvements to the subject property under the theories of unjust enrichment or quantum meruit, 
3) Kajo did not breach its contract with Appellees by giving notice of termination of the lease, and 
4) Appellees were not entitled to rescission of the transactions because Grace was not a party to the
lawsuit. The trial court granted Appellees' motion in its entirety, and denied Kajo's motion in its
entirety. 

 In eleven issues, Kajo contends that the trial court erred in granting Appellees' motion and
denying Kajo's motion. Specifically, Kajo challenges the trial court's summary judgment rulings on
the following issues: 1) the characterization of Appellees' interest, 2) the effect of Kajo's termination
of the lease, 3) Appellees' right to reimbursement for their improvements under the theory of quantum
meruit or unjust enrichment, 4) the availability of rescission as a remedy for Appellees, 5) the liability
of Kajo Trust, and 6) Appellees' attorneys' fees.Life Estate, Leasehold for Life, or Tenancy at Will

 In its first two issues, Kajo argues that the trial court erred when it construed the nature of
Appellees' interest in the property. The cardinal rule applied in construing written instruments,
including deeds, is to give effect to the intention of the parties as expressed by the language used by
them in the instrument. Luckel v. White, 819 S.W.2d 459, 461 (Tex. 1991). When the terms of a
deed plainly and clearly disclose the intention of the parties, or the language used is not fairly
susceptible to more than one interpretation, the intention of the parties must be ascertained by the
court as a matter of law from the language used in the writing. Cherokee Water Co. v. Freeman, 33
S.W.3d 349, 353 (Tex. App.-Texarkana 2000, pet. denied). This rule of construction is known as the
"four corners" rule. Luckel, 819 S.W.2d at 461. In seeking to ascertain the intention of the parties,
the court attempts to harmonize all parts of the deed. Id. at 461-62. If there is no ambiguity, extrinsic
evidence may not be considered in determining the parties' intent. Cherokee Water Co., 33 S.W.3d
at 353 (the intent that governs is not the intent that the parties meant but failed to express, but the
intent that is expressed). Further, in the absence of reservations, exceptions or other limitations
reducing the estate conveyed, a deed conveys to the grantee the entire estate owned by the grantor at
the time of the conveyance. Cockrell v. Texas Gulf Sulphur Co., 299 S.W.2d 672, 675 (Tex. 1956).

 In its motion for summary judgment Appellees attached the deed transferring ownership of the
property from Appellees to Grace. The deed states the following: 

 

 Grantors, for the consideration and subject to the reservations from and exceptions to conveyance and
warranty, grant, sell, and convey to Grantees the property, together with all and singular the rights and
appurtenances thereto in any wise belonging, to have and hold it to Grantees, Grantees' heirs, executor,
administrators, successors, or assigns forever.


 Appellees also attached the condition statement signed by Kajo when it purchased the property
from Grace. It gives notice to Kajo that the "[s]mall out-building on west side of premises and
parking lot between said building and E. Main Street are subject to a life estate use agreement between
The Church and previous owners." 

 As illustrated above, there is no language in the deed of record evidencing Appellees' alleged
life estate interest in the property. Further, the deed is not ambiguous; consequently, extrinsic
evidence such as the condition statement may not be used to determine the intent of the parties. We
hold, therefore, that Appellees failed to conclusively establish that it was entitled to judgment as a
matter of law. Because Appellees failed in their burden, it was not necessary for Kajo to show that
there was a disputed material fact issue precluding summary judgment. See Clear Creek Basin Auth.,
589 S.W.2d at 678. We hold, therefore, that the trial court erred when it granted Appellees' motion
on this issue. 

 As did Appellees, Kajo attached the deed transferring ownership of the property from
Appellees to Grace to its motion for summary judgment. In addition, it included an affidavit of a
certified public accountant stating his conclusion that Appellees apparently did not believe that they
had retained a life estate because they reported the value of a fee simple interest rather than the value
of a remainder interest, as a charitable contribution for tax deduction purposes. Kajo further attached
Don Walker's deposition in which he stated that the Appellees did not pay taxes on the property after
the transfer of ownership to Grace. In his deposition, he also admitted that there was nothing in the
deeds which showed a retained life estate. Based upon the preceding evidence, Kajo conclusively
established the absence of any genuine question of material fact and that it was entitled to judgment
as a matter of law. 

 In response to Kajo's motion for summary judgment, Appellees attached the condition
statement described above and the affidavits of Joe Eakin and Don Walker stating that they would not
have sold the property to Grace if they could not retain a life estate. But as we stated earlier, since the
deed is not ambiguous, extrinsic evidence may not be used to determine the intent of the parties;
therefore, Appellees failed to establish any genuine question of material fact in its response. 
Consequently, the trial court erred when it denied Kajo's motion for summary judgment on this issue. 
Accordingly, we hold that Appellees did not retain a life estate in the property and that Grace
conveyed a fee simple interest in the land. Also in its summary judgment motion, and in the alternative, Appellees maintained that the
lease creates a leasehold for life. They attached the lease which they signed concurrently with the
transfer of the property to Grace, which states that


 . . . the said Lessor does by these presents Lease and Devise unto the said Lessee the following described
property . . . for the term of January 1, 1996 and ending at the date of death of the last of the Lessees
to die. . . .


They also attached the lease assignment between Grace and Kajo, which states:


 Assignee agrees to assume Assignor's obligations under the Lease and to accept the premises in their
present "AS IS" condition.

 . . . .

 A copy of said Lease is recorded in Volume 5260, Page 285, Official Public Records of Smith County,
Texas.


Additionally, Appellees offered the warranty deed from Grace to Kajo as evidence that Kajo accepted
the transfer of the property from Appellees to Grace with all encumbrances, including the lease for
life. With the above-described evidence, Appellees showed that there was no disputed fact issue as
to a lease for life, and that they were entitled to judgment as a matter of law. 

 However, in its response, Kajo argued that the lease creates no more than a tenancy at will. 
It cited Nitschke v. Doggett, 489 S.W.2d 335 (Tex. Civ. App.-Austin 1972), vacated on other
grounds, 498 S.W.2d 339 (Tex. 1973), for the proposition that the lease document does not, in fact,
create a lease or tenancy for life. In Nitschke, the court stated the following: "That we shall die, we
know; only the hour of death's arrival is unknown. But, an event certain to occur, but uncertain as to
the time of its occurrence, as the death of appellee, may not be used to mark the termination of a
lease." Id. at 337. Consequently, a lease which terminates upon the death of a lessee is a tenancy at
will rather than a tenancy for life. See Clear Lake Reg'l Med. Ctr., Inc. v. Deasis, 1999 Tex. App.
LEXIS 5992, at *4 (Tex. App.-Houston [1st Dist.] 1999, pet. denied)(not designated for
publication)(when term of lease is uncertain, and the lease does not tie the termination to a definite,
ascertainable use of the land, it is a tenancy at will). But cf. Sirtex Oil Indus., Inc. v. Erigan, 403
S.W.2d 784 (Tex. 1966)(a lease that states that "the term of this lease shall run concurrently and be
coextensive with the life of said oil and gas mining lease" has a term of definite duration); Philpot v.
Fields, 633 S.W.2d 546 (Tex. Civ. App.-Texarkana 1982)(a lease for a term of twenty years and "so
long thereafter as the lessee, his heirs, successors or assigns, may use the premises for maintaining and
operating" certain equipment is said to be of a definite duration). (1) 

 Although there is a dearth of authority to support Kajo's position, it is bolstered by landlord-tenant law, which recognizes only four types of leases: the term of years, the periodic tenancy, the
tenancy at will, and the tenancy at sufferance. Thomas W. Merrill and Henry E. Smith, Optimal
Standardization in the Law of Property: The Numerus Clausus Principle,110 Yale L.J. 1, 11 (2000);
4 Thompson on Real Property § 39.02(c), at 492 (David A. Thomas ed., 1994). Thus, a leasehold
for life is not a recognized property right. Therefore, as a matter of law, the lease constitutes a tenancy
at will. Consequently, the trial court erred when it granted Appellees' motion and denied Kajo's
motion on this issue. Accordingly, we hold that Kajo owns the property in fee simple, encumbered
only by a tenancy at will. We sustain issues one and two. 

Breach of Lease

 In its third and fourth issues, Kajo asserts that its termination of the lease was not a breach of
contract. In Kajo's motion in which it sought judgment that it had not breached the lease, Kajo
attached a letter to Appellees which provided them notice that it was terminating the lease, and gave
Appellees a month in which to vacate the premises. Kajo also attached certified mail receipts showing
that Appellees had timely received that notice. 

 A tenancy at will is terminable by either party. Philpot, 633 S.W.2d at 547. Therefore, Kajo
conclusively established the absence of any genuine question of material fact and that it was entitled
to judgment as a matter of law that it was not liable for breach of contract. In response, Appellees
asserted that they held a lease for life and that, consequently, Kajo could not lawfully terminate the
lease. They attached the lease as evidence that Kajo had breached their contract when it terminated
their lease. However, since we hold that the lease is, in fact, a tenancy at will, and because Kajo has
the right to terminate the lease and it gave Appellees the requisite notice to do so, Appellees failed in
its burden to show that there was a disputed material fact issue precluding summary judgment. 
Consequently, the trial court erred when it denied Kajo's motion on Appellees' breach of contract
claim. Accordingly, we sustain issues three and four. 

Unjust Enrichment and Quantum Meruit

 In its fifth and sixth issues, Kajo argues that the trial court erred when it granted Appellees'
and denied Kajo's motions on Appellees' claims of unjust enrichment and quantum meruit for
improvements to the property. But Appellees did not seek summary judgment on those issues, nor
did the trial court grant summary judgment on those issues. Although Appellees originally pleaded
the alternative claims, their latest petition makes no mention of them. 

 A movant must negate an element of the non-movant's cause of action to be entitled to
summary judgment. See Randall's Food Mkt., 891 S.W.2d at 644 (emphasis added). Ergo, a movant
is not entitled to summary judgment if it negates an element of a cause of action not pleaded. See
Sosa v. Central Power & Light, 909 SW.2d 893, 895 (Tex. 1995). The claims of unjust enrichment
and quantum meruit were not at issue at the time the trial court ruled on the parties' respective motions
for summary judgment. Consequently, we overrule issues five and six. Rescission

 In its seventh issue, Kajo argues that the court erred when it granted Appellees' motion for the
equitable remedy of rescission of the underlying transactions between Appellees and Grace. But
Appellees did not seek a summary judgment for rescission. Consequently, the trial court did not grant,
and thus did not err in granting, summary judgment on this claim. We overrule issue seven.

 In its eighth issue, Kajo complains that the trial court erred when it failed to grant summary
judgment on Kajo's motion to deny Appellees the equitable remedy of rescission. We agree. Grace
entered into the purchase and lease of the property in question with Appellees. However, Grace is not
a party to this suit. A judgment should not be rendered against a non-joined party if the judgment
adversely affects the interests of that party who had no opportunity to assert his rights in the trial court. 
Tex. R. Civ. P. 39; see also Vondy v. Comm'r Ct., 620 S.W.2d 104, 106-07 (Tex. 1981).
Consequently, the trial court erred when it denied Kajo's summary judgment motion on this claim. 
Accordingly, we sustain issue eight. 

Improper Party

 In issues nine and ten, Kajo complains that the trial court erred when it granted judgment
against Kajo Trust since Kajo Trust has no interest in the property. However, Kajo did not raise the
issue in its summary judgment motion, and we may not consider it on appeal. See Tex. R. Civ. P.
166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response
shall not be considered on appeal as grounds for reversal."). Accordingly, we overrule issues nine and
ten. 

Attorneys' Fees

 In issue eleven, Kajo argues that the trial court erred when it granted judgment for attorneys'
fees in favor of Appellees. Attached to Appellees' motion for summary judgment were affidavits of
two attorneys who testified to the amount of attorneys' fees, and to their opinion that the fees were
reasonable and necessary. Therefore, Appellees conclusively established the absence of any genuine
question of material fact and that it was entitled to judgment as a matter of law on the issue of
attorneys' fees. Kajo failed to respond to Appellees' motion on this issue. On appeal, Kajo argues
that if the trial court erred in granting summary judgment in favor of Appellees, the award of
attorneys' fees is also error. However, Kajo cites no legal authority and presents no argument
regarding the propriety of attorneys' fees. (2) The rules of appellate procedure require a party to include
a discussion of the facts and the authorities relied upon as may be requisite to maintain the point at
issue. See Tex. R. App. P. 38.1(h). Points on appeal which are not supported by argument or authority
present nothing for review. Farmers Tex. County Mut. Ins. Co. v. Griffin, 868 S.W.2d 861, 870
(Tex. App.-Dallas 1993, writ denied). Accordingly, we overrule issue eleven. 


Defective Judgment

 In its twelfth and final issue, Kajo complains that the trial court failed to specify the rights

of each party so that the parties know who is responsible for paying property taxes. Because we have
reversed the trial court's judgment and rendered in favor of Kajo, holding that the lease constitutes a
tenancy at will, it is unnecessary that we address this issue. 


Conclusion

 Having sustained Kajo's first four issues, as well as issue eight, we reverse the judgment for
Appellees, with the exception of the trial court's grant of their motion for attorneys' fees against both
Kajo Church Square and the Kajo Trust, which we affirm; otherwise, we render judgment for Kajo.


 SAM GRIFFITH 

 Justice


Opinion delivered April 9, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.


(PUBLISH)
1. We distinguish these cases from the case before us in that they both deal with oil and gas leases and the
leases are both conditioned upon a specific use of the land, neither of which is applicable to this case. See Luckel,
819 S.W.2d at 464 (an oil and gas lease is not a lease at all, but the conveyance of a mineral estate). 
2. We note that in a declaratory judgment action, the court "may award costs and reasonable and necessary
attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997). The grant
or denial of attorneys' fees in a declaratory judgment action is clearly within the trial court's discretion, and is not
dependent on finding that party substantially prevailed. Barshop v. Medina County Underground Water
Conservation Dist., 925 S.W.2d 618, 637-38 (Tex. 1996). Kajo makes no argument that the trial court abused its
discretion when it awarded Appellees attorneys' fees.