Lena EFFEL, Appellant,

v.

Robert G. ROSBERG, Appellee.

No. 05–10–00790–CV.

Court of Appeals of Texas, Dallas.

Jan. 10, 2012.

Rehearing Overruled March 22, 2012.

---

Gordon Bogen, Harvey G. Joseph, Law Office of Harvey G. Joseph, Dallas, TX, for Appellant.

Charles W. McGarry, Law Office of Charles W. McGarry, Dallas, TX, for Appellee.

Before Justices MORRIS, O'NEILL, and FILLMORE.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from the trial court's judgment awarding Robert G. Rosberg possession of property in a forcible detainer action. Appellant Lena Effel brings seventeen issues generally contending the trial court did not have jurisdiction to make the award and, in the alternative, that it erred in concluding Rosberg was entitled to possession of the property. After examining the record on appeal and reviewing the applicable law, we conclude appellant's arguments are without merit. We affirm the trial court's judgment.

## I.

On March 1, 2006, Robert G. Rosberg filed suit against Henry Effel and Jack Effel in district court asserting various claims and seeking judicial foreclosure on two mechanic's liens. The parties settled the dispute and signed a settlement agreement and release of claims. As part of the settlement, Rosberg purchased residential property in Dallas county owned by Henry and Jack Effel. The settlement agreement stated that the current resident of the property, appellant, "shall continue to occupy the property for the remainder of her natural life, or until such time as she voluntarily chooses to vacate the premises." The settlement agreement further stated that a lease agreement incorporating the terms of the settlement agreement would be prepared before the closing date of the purchase. Appellant was neither a party nor a signatory to the settlement agreement.

The property in question was deeded to Rosberg with no reservation of a life estate. A lease for appellant was prepared by the Effels' attorney. The term of the lease was "for a term equal to the remainder of the Lessee's life, or until such time that she voluntarily vacates the premises." The lease also contained various covenants relating to payment of rent and charges for utilities as well as the use and maintenance of the grounds. The lease provided that if there was any default in the pay-

ment of rent or in the performance of any of the covenants, the lease could be terminated at the option of the lessor. The lease was signed by Rosberg as lessor and by Henry Effel on behalf of appellant under a power of attorney as lessee.

Three years later, on February 24, 2010, Rosberg, through his attorney, sent a letter to appellant both by regular mail and certified mail stating that he was terminating her lease effective immediately. The reason for the termination, according to the letter, was Rosberg's discovery that appellant had installed a wrought iron fence in the front yard of the property in violation of two covenants of the lease. The letter stated that appellant was required to leave and surrender the premises within ten days and, if she did not vacate the premises, Rosberg would commence eviction proceedings. Appellant did not vacate the property.

On April 29, 2010, Rosberg filed this forcible detainer action in the justice court. The justice court awarded possession of the property to Rosberg, and appellant appealed the decision to the county court at law. The county court held a trial de novo without a jury and, again, awarded the property to Rosberg. The court concluded the lease created a tenancy at will terminable at any time by either party. The court further concluded that Rosberg was authorized to terminate the lease, whether because it was terminable at will or because appellant violated the terms of the lease, and the lease was properly terminated on February 24, 2010. Appellant now appeals the county court's judgment.

## II.

■ Appellant first challenges the jurisdiction of both the justice court and the county court to hear and determine this matter. The appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction of the case below. *See Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex.App.-Dallas 2001, no pet.). A justice court is expressly denied jurisdiction to determine or adjudicate title to land. *Id.* Appellant contends she specifically pleaded that she had both a life estate in the property as well as a lifetime lease and that these assertions created a title dispute depriving the justice court, and by extension the county court, of jurisdiction.

Although appellant asserted in her pleadings that she had a life estate in the property at issue, she introduced no evidence at trial to support this allegation or create a question of fact on the issue. The evidence in the record shows that appellant had a lease on the property, the stated term of which was "equal to the remainder of her life or until such time that she voluntarily vacates the premises." The warranty deed transferring the property from Henry and Jack Effel to Rosberg does not reserve a life estate in favor of appellant, and appellant does not challenge the validity of the deed. All of the evidence, therefore, demonstrates that appellant's legal status in connection with the property is solely that of a tenant.

■ Where the relationship between the parties is that of landlord and tenant, the justice and county courts have jurisdiction to determine the right of immediate possession in a forcible detainer suit. *See id.* at 712. The fact that it is necessary to introduce evidence of title to prove the landlord-tenant relationship does not deprive the court of jurisdiction because the validity of the title is not at issue. *See Haith v. Drake*, 596 S.W.2d 194, 197 (Tex. App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

■ Appellant relies on the case of *Doggett v. Nitschke*, 498 S.W.2d 339 (Tex.1973) to support her position that an assertion of a lifetime lease is sufficient to raise a title issue depriving the justice and county courts of jurisdiction. *Doggett*, however, is distinguishable. *Doggett* was not a forcible detainer case but rather involved competing claims for a condemnation award. *Id.* at 339. Instead of the limited issue of the right of immediate possession, the trial court in *Doggett* necessarily had to determine "ownership" interests in the subject property for the purposes of awarding condemnation proceeds. *Id.; see also, Weingarten Realty Investors v. Albertson's, Inc.*, 66 F.Supp.2d 825, 845 (S.D.Tex.1999) (the term "owner" as used in eminent domain statutes includes lessee for years). Unlike a condemnation proceeding, it is not necessary to prove title to the property to prevail in a forcible detainer case. *See Rice*, 51 S.W.3d at 709. Because title to the property is not an issue in this case, the justice court and county court below had jurisdiction to render judgment. We resolve appellant's first issue against her.

■ In appellant's remaining issues, she challenges the findings of fact and conclusions of law made by the county court. In her tenth issue, appellant challenges the county court's first conclusion of law in which it stated "[t]he lease, which purported to be for the rest of Lena Effel's life, created only a tenancy at will terminable at any time by either party." Appellant argues that the lease must be read together with the settlement agreement and the court must give effect to the intent of the parties. Appellant was not a party to the settlement agreement, however. Appellant was a party only to the lease. It is the lease, and not the settlement agreement, that forms the basis of this forcible detainer action. Accordingly, we look solely to the lease to determine appellant's rights in this matter.

■ The lease states that appellant was a lessee of the property "for a term equal to the remainder of Lessee's life, or until such time as she voluntarily vacates the premises." It is the long-standing rule in Texas that a lease must be for a certain period of time or it will be considered a tenancy at will. *See Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 310 (1935). Courts that have applied this rule to leases that state they are for the term of the lessee's life have concluded that the uncertainty of the date of the lessee's death rendered the lease terminable at will by either party. *See Nitschke v. Doggett*, 489 S.W.2d 335, 337 (Tex.Civ.App.-Austin 1972), *vacated on other grounds*, 498 S.W.2d 339 (Tex.1973); *see also, Kajo Church Square, Inc. v. Walker*, No. 12–02–00131–CV, 2003 WL 1848555, at *5 (Tex. App.-Tyler April 9, 2003, no pet.) (mem. op.).

■ Appellant argues the current trend in court decisions is away from finding a lease such as hers to be terminable at will. Appellant relies on the 1982 decision of *Philpot v. Fields*, 633 S.W.2d 546 (Tex.App.-Texarkana 1982, no writ). In *Philpot*, the court stated that the trend in law was away from requiring a lease to be of a definite and certain duration. *Id.* at 548. In reviewing the law since *Philpot*, however, we discern no such trend. *See Kajo*, 2003 WL 1848555 at *5. The rule continues to be that a lease for an indefinite and uncertain length of time is an estate at will. *See Providence Land Servs., L.L.C. v. Jones*, 353 S.W.3d 538, 542 (Tex.App.-Eastland 2011, no pet. h.). In this case, not only was the term of the lease stated to be for the uncertain length of appellant's life, but her tenancy was also "until such time that she voluntarily vacates the premises." If a lease can be

terminated at the will of the lessee, it may also be terminated at the will of the lessor. *See Holcombe,* 79 S.W.2d at 310. Because the lease at issue was terminable at will by either party, the trial court's first conclusion of law was correct. We resolve appellant's tenth issue against her.

■ In her fourth issue, appellant contends the trial court erred in concluding that Rosberg sent her a proper notice to vacate the premises under section 24.005 of the Texas Property Code. Section 24.005 states that a landlord must give a tenant at will at least three days' written notice to vacate before filing a forcible detainer suit unless the parties contracted for a longer or shorter notice period in a written lease or agreement. TEX. PROP.CODE ANN. § 24.005(b) (West Supp.2011). The section also states that the notice must be delivered either in person or by mail at the premises in question. *Id.* § 24.005(f). If the notice is delivered by mail, it may be by regular mail, registered mail, or certified mail, return receipt requested, to the premises in question. *Id.*

The undisputed evidence in this case shows that Rosberg, through his attorney, sent appellant a written notice to vacate the premises by both regular mail and certified mail on February 24, 2010. The notice stated that appellant had ten days to surrender the premises. Nothing in the lease provided for a longer notice period. Henry Effel testified at trial that appellant received the notice and read it. Rosberg did not bring this forcible detainer action until April 29, 2010. The evidence conclusively shows, therefore, that Rosberg's notice to vacate the property complied with section 24.005.

■ Appellant argues that the February 24 notice was defective because it contained two allegedly false statements: that she had violated the lease agreement by building a fence and that she did not have a right to cure this purported act of default. Appellant's argument fails for two reasons. First, even assuming the statements are false, nothing in section 24.005 requires the landlord to give in the notice to vacate either a reason for the eviction or an explanation of any right to cure. *See id.* at § 24.005. Second, because appellant's tenancy was at will, Rosberg could terminate the tenancy at any time regardless of whether appellant had defaulted under the terms of the lease. Accordingly, the claimed false statements were irrelevant to the sufficiency of the notice. The trial court correctly concluded that Rosberg's February 24 notice letter complied with the requirements of section 24.005.[1] We resolve appellant's fourth issue against her.

Because Rosberg had the right to terminate appellant's tenancy at any time and properly notified her of the termination under section 24.005 of the Texas Property Code, the trial court did not err in awarding the property at issue to Rosberg. Consequently, it is unnecessary for us to address the remainder of appellant's issues.

We affirm the trial court's judgment.

---

1. Rosberg posted a second notice to vacate the property on March 17, 2010. Appellant contends this notice was also deficient. Because we have concluded the February 24 notice was sufficient, we need not address appellant's arguments relating to the March 17 notice.