

# IN THE
# TENTH COURT OF APPEALS

————————

### No. 10-10-00173-CV

**DANNY SHERROD,**

                                       **Appellant**

 **v.**

**DENNY POWELL AND CHARLES POWELL,**

                                       **Appellees**

————————

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 27,805-A

---

## MEMORANDUM  OPINION

---

Danny Sherrod appeals from a judgment entered against him that contained a declaration that Charles Powell and Denny Powell had a life estate in a 5.84 acre tract of land, awarded damages for trespass to the Powells, granted injunctive relief, and awarded attorney's fees to the Powells. Sherrod complains that the trial court erred by determining that a document is a deed that created a life estate rather than a lease and by entering a declaratory judgment that adjudicated title to that tract to that effect. Sherrod also complains that the judgment signed by the trial court is voidable because it did not describe the legal description of the real property that the judgment affected.

He further complains that the evidence was legally insufficient to support a judgment for a trespass to try title cause of action because the Powells did not establish a superior title and that the trial court erred by awarding the Powells their attorney's fees. We reverse the judgment of the trial court and remand for further proceedings.

*Background*

In 1962, Hanson Sherrod, Richard Sherrod, Oran Powell, and Louree Powell executed a document in which Hanson and Richard Sherrod gave Oran and Louree Powell possession for life of a 5.84 acre tract of land that surrounded a 1.24 acre tract that the Powells already owned. The document also purported to give possession of the property to Charles and Denny Powell for their lifetimes as well, with the remainder to revert to Hanson and Richard Sherrod after the deaths of all four of the Powells.

Thereafter, the Powells resided in a house on the 1.24 acre tract and maintained possession of the 5.84 acre tract. In 1990, Oran Powell died. In 1997, Louree Powell moved into a nursing home and died in July of 2004. It is disputed as to when Sherrod took possession of the property; however, in 2001, Sherrod placed a mobile home on the disputed property. The Powells contended that Sherrod sought their permission to do so for a short time to give Sherrod's brother a place to live upon his release from prison. Sherrod did receive permission from the Powells to use water from a well located on the 1.24 acre tract of land and Sherrod paid the Powells some amount of money during that time. Sherrod also installed an aerobic septic system on the 5.84 acre tract. In 2003, Denny Powell notified Sherrod that he was to remove the mobile home, discontinue the water well usage, and to vacate the tract. In 2004, Sherrod drilled a well and placed a

second mobile home on the tract.  In November of 2004, the Powells sent Sherrod a written notice that he was trespassing and a demand to vacate.  Sherrod responded shortly thereafter contending that the property had been released to him and that the lease had expired because the fences had not been maintained as was required in the original document.

The Powells filed a declaratory judgment action against Sherrod and a claim for trespass to try title.  Sherrod filed a counterclaim against the Powells for a declaration that the document created a lease that had been terminated.[1]  After a bench trial, the trial court entered a declaration that the document in question created a life estate and awarded damages and injunctive relief to the Powells as well as an award for attorney's fees and costs.

### *Lease or Deed?*

Sherrod complains in his first issue that the trial court erred by construing the complained-of document to be a deed that created a life estate rather than a lease.  The document in contention does not have a heading, but in the first paragraph refers to "[t]his contract and agreement."  The document states that the owners, Henson Sherrod and Richard Sherrod, "do hereby grant, demise and lease unto the said Oran Powell and Louree Powell, the following described land…."  The document also states in the habendum clause:[2]

---

[1] Sherrod's counterclaim seeking declaratory relief was dismissed for lack of standing by the trial court at the conclusion of the bench trial in a separate judgment, which has not been appealed to this Court.

[2] A habendum clause is "[t]he part of an instrument, such as a deed or will, that defines the extent of the interest being granted and any conditions affecting the grant."  Black's Law Dictionary 778 (9th ed. 2009).

TO HAVE AND TO HOLD the said land and premises hereby demised unto the said Oran Powell and Louree Powell, and their two children, namely, Charles Powell and Danny Powell, from the day of the execution of this lease and for and during the natural life of the said Oran Powell and Louree Powell and also during the natural life of their two sons, Charles Powell and Danny Powell, provided that if said sons so desire to retain said land during their lifetime. At the death of said Oran Powell and Louree Powell, Charles Powell and Danny Powell, this lease shall terminate and revert back to Henson Sherrod and Richard Sherrod of the First Part.

In the consideration for the lease of said above described land, Oran Powell and Louree Powell of the Second part will have the land cleared and levelled (sic) with a bull dozer and keep that part of the fence around said land repaired.

The document was signed by Henson Sherrod, Richard Sherrod, Oran Powell, and Louree Powell and was notarized as to each signature. Sherrod contends that the document is a lease and therefore, could not create a life estate but was merely a tenancy at will. The Powells contend that the document is a deed and created a life estate in the property in question. The trial court determined that the document did create a valid life estate in the Powells. We must first ascertain whether the document in question is ambiguous as to whether it was a lease or a deed that created a life estate.

*Ambiguity*

Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). In construing a contract, we must ascertain the true intentions of the parties as expressed in the writing. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). In the absence of fraud or mistake, the writing alone will be deemed to express the intention of the parties, and courts will enforce an unambiguous

instrument as written. *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 524 (Tex. 1982); *Sun Oil Co. (Del.) v. Madeley*, 626 S.W.2d 726 (Tex. 1981); *Rutherford v. Randal*, 593 S.W.2d 949 (Tex. 1980); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515 (Tex. 1968). The court is not looking for the subjective intent of the parties, which, as here, is conflicting and may create an ambiguity in the language of the instrument; instead, it is the objective intent, the intent expressed or apparent in the writing, which is sought. *Forderhause*, 641 S.W.2d at 525; *City of Pinehurst*, 432 S.W.2d at 518.

A contract is not ambiguous if it is so worded that it can be given a definite or certain legal meaning. *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 728 (Tex. 2001). An ambiguity does not arise simply because the parties advance conflicting interpretations of the contract. *Id.* In this regard, parol evidence cannot be admitted to create an ambiguity. *Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520. Rather, a contract is only ambiguous if its language is subject to two or more reasonable interpretations. *See Monsanto Co. v. Boustany*, 73 S.W.3d 225, 229 (Tex. 2002).

We do not believe that the document is ambiguous. There is nothing in the document to indicate that it was intended to be anything other than a lease. Indeed, the terminology used throughout the document is "demise" and "lease," which are both indicative of the intent of the parties that the document was indeed a lease, rather than a deed.

A lease must be for a certain period of time or it will be considered a tenancy at will. *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 310 (Tex. 1935); *Perren v. Baker Hotel of Dallas, Inc.*, 228 S.W.2d 311, 317 (Tex. Civ. App.—Waco 1950, no writ); *Hill v.*

*Hunter*, 157 S.W. 247 (Tex. Civ. App.—Austin 1913, writ ref'd). Leases that state they are for the term of the lessee's life have rendered the lease terminable at will by either party because of the uncertainty of the date of the lessee's death. *See Effel v. Rosberg*, No. 05-10-00790-CV, 2012 Tex. App. LEXIS 177 at *8 (Tex. App.—Dallas Jan. 10, 2012, no pet. h.); *Providence Land Servs., L.L.C. v. Jones*, 353 S.W.3d 538, No. 11-09-00298-CV, 2011 Tex. App. LEXIS 7828, 2011, WL 4506108 at *3 (Tex. App.—Eastland Sept. 29, 2011, no pet. h.); *Nitschke v. Doggett*, 489 S.W.2d 335, 337 (Tex. Civ. App.—Austin 1972), *vacated on other grounds*, 498 S.W.2d 339 (Tex. 1973). Therefore, because this is a lease for an indefinite and uncertain length of time, it is an estate at will, terminable at will by either party. *Holcombe*, 79 S.W.2d at 310. The trial court's judgment declaring that the document created a life estate was erroneous. We sustain issue one.

### *Render or Remand?*

Because we have determined that the trial court erred in its declaration that the document created a valid life estate in the Powells, the judgment of the trial court must be reversed. Sherrod seeks a rendition from this Court that the Powells take nothing on their claims because the evidence was legally insufficient to support the judgment. We do not believe the issue is that clear, however. The Powells' claims and Sherrod's counterclaim sought a declaration pursuant to the Declaratory Judgment Act regarding the construction of the document, as well as a trespass to try title claim for damages. However, we have held that the document did, in fact, create a tenancy at will. If and when it was terminated was in dispute. We believe that this cause must be remanded to the trial court for a determination of whether the lease was terminated, and if so,

when that termination took place in order to determine whether or not damages can or should be awarded. This requires findings which were not made by the trial court because of the trial court's erroneous construction of the document. Because of our determination that the document is a lease, we do not reach Sherrod's issues two, three, four, or five.

*Attorney's Fees*

Sherrod complains in his sixth issue that the trial court abused its discretion by awarding attorney's fees to the Powells. Sherrod contends that attorney's fees should not have been awarded because the use of a declaratory judgment action was the improper mechanism to adjudicate the title to the property and that the award should be reversed in the event that the judgment is otherwise reversed in this appeal. We find that the issue of attorney's fees must be reversed because of our determination that the document is a lease that creates a tenancy at will. The award of attorney's fees in a declaratory judgment action is within the trial court's discretion and is not dependent upon a finding that a party substantially prevailed. *See Barshop v. Medina*, 925 S.W.2d 618, 637-38 (Tex. 1996). Because our disposition of the case on appeal substantially affects the trial court's judgment, we believe that remand is warranted so that the trial court can address what attorney's fees, if any, should be awarded under the Declaratory Judgments Act to either party. *See id*. We sustain issue six.

*Conclusion*

We find that the trial court erred in determining that the document created a valid life estate but that it created a tenancy at will. The issue of attorney's fees should

be reconsidered by the trial court on remand.  We reverse the judgment of the trial court and remand to that court for further proceedings in accordance with this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Reversed and remanded
Opinion delivered and filed February 15, 2012
[CV06]