ACCEPTED
03-15-00463-CV
8805291
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 10:03:10 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00463-CV

IN THE
THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 10:03:10 AM
JEFFREY D. KYLE
Clerk

**PENSIVE PROPERTIES, LP**
**Appellant**

v.

**TERRY BARNHART AND ALL OCCUPANTS**
**Appellees**

*Appeal from the County Court at Law No. 2, Travis County, Texas*
*The Honorable Eric Shepperd, Judge Presiding*

**REPLY BRIEF OF APPELLANT, PENSIVE PROPERTIES, LP**

Respectfully submitted,

JOHN M. DAVES
JOHN DAVES & ASSOCIATES, PLLC
State Bar No. 00794991
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)
john@johndaveslaw.com

ATTORNEY FOR APPELLANT

# I. SUMMARY OF ARGUMENT

Appellee would have this Court completely ignore current long-standing Texas law and instead look to New York law in deciding whether this lease is terminable at will, and the reason is simple: Texas law does not support Appellee's position in this case. The undisputed evidence overwhelmingly supports the only logical conclusion which is that the oral lease between Terry Barnhart and Pensive Properties allowing Barnhart to live at the property for free as long has he "agreed" to perform yard maintenance is a lease terminable at will by *either* party and Pensive Properties exercised its right to terminate the lease.[1] To conclude otherwise would go against Texas law and would in effect, invade Pensive Properties' property rights.

Appellee failed to distinguish or even acknowledge the two recent cases relied on by Appellant, both of which stand for the proposition that a lease for an indefinite or uncertain length of time is a tenancy at will. *Providence Land Services, LLC v. Jones*, 353 S.W.3d 538 (Tex.App.-Eastland 2011, no pet.)("We feel sure of the soundness of the proposition that a lease providing that the tenant may hold the premises so long as he pays the rent is, on account of the uncertainty

---

[1] Appellee is not claiming he was granted a life estate, therefore the statute of frauds is not applicable.

of the period of its duration, a mere tenancy at will). *Effel v. Rosberg*, 360 S.W.3d 626 (Tex.App.-Dallas 2012, no pet.)(leases that state they are for the term of the lessee's life are terminable at will by either party because of the uncertainty of the date of the lessee's death). Accordingly, the undisputed facts and Texas law compel the conclusion that the trial court committed reversible error in denying possession to Pensive Properties.

## II. THE SALIENT FACTS ARE UNDISPUTED

The following facts establishing a tenancy at will are undisputed by Appellee:

1) Terry Barnhart resides at the property pursuant to an oral agreement with Jeff Blake, former owner of Pensive Properties, who is now deceased. (R 33, 34)
2) No written lease existed between Barnhart and Pensive Properties. (R 33-34)
3) The term of the agreement was indefinite and Barnhart performed yard maintenance work in exchange for free rent. (R 27, 32-34)
4) Terry Barnhart refused to do the work when Ms. Kaiser hired the lawn service. (R 30).
5) Terry Barnhart "went in refusal to do anything." when Ms. Kaiser hired a lawn service. (R 30).
6) Pensive Properties provided a 30-day Notice of Intent to Terminate Occupancy as the lease agreement was on a month to month basis. (R 11, Plaintiff's Exhibit 2).
7) Terry Barnhart refused to vacate the premises.
8) Pensive Properties served a Notice to Vacate allowing Plaintiff three days to vacate the premises in accordance with the Texas Property Code. (R 11, Plaintiff's Exhibit 3).
9) Terry Barnhart failed to vacate the premises (R 25).

3

10) Pensive Properties filed a Forcible Detainer Action to obtain possession.

## III. LIFE TENANCIES ARE TENANCIES AT WILL

To create an estate for years, or for any definite term, the lease must be certain, or capable of being made certain, as to the beginning, duration, and termination of the term. *Haley v. GPM Gas Corp.*, 80 S.W.3d 114, 118 (Tex. App.—Amarillo 2002, no pet.) (quoting *Willis v. Thomas*, 9 S.W.2d 423, 424 (Tex. Civ. App.—San Antonio 1928, writ dism'd w.o.j.)). A lease for an uncertain duration or date of termination is a tenancy at will. *Providence Land Services, LLC v. Jones*, 353 S.W.3d 538 (Tex.App.-Eastland 2011), citing *Holcombe v. Lorino*, 124 Tex. 446, 79 S.W.2d 307, 310 (1935); *Hill v. Hunter*, 157 S.W. 247 (Tex.Civ. App.-Austin 1913, writ ref'd)("We feel sure of the soundness of the proposition that a lease providing that the tenant may hold the premises so long as he pays the rent is, on account of the uncertainty of the period of its duration, a mere tenancy at will*). Effel v. Rosberg*, 360 S.W.3d 626 (Tex.App.-Dallas 2012, no pet.)(leases that state they are for the term of the lessee's life are terminable at will by either party because of the uncertainty of the date of the lessee's death.

In *Effel*, the term of the lease was stated to be for the uncertain length of appellant's life or until such time that she voluntarily chose to vacate the premises.

4

*Id.* The Court, in concluding the lease was a tenancy at will, concluded "if a lease can be terminated at the will of the lessee, it may also be terminated at the will of the lessor." *Id.* at 630, citing *Holcombe,* 79 S.W.2d at 310.

Here, according to Appellee's version of the agreement, the lease was for an indefinite term as long as Terry Barnhart "agreed to perform yard maintenance." (R 27, 32-34). Clearly, by its terms Terry Barnhart's lease is indefinite and terminable at the will of Terry Barnhart. Therefore, according to Texas law, the lease is also terminable at the will of Pensive Properties. As Pensive Properties properly gave notice of its intent to terminate the lease in accordance with the Texas Property Code, the trial court's denial of possession to Pensive Properties was error.

## IV. APPELLEE'S CASES ARE IRRELEVANT

Plaintiff cited two cases: *Rymes v. Caribbean Cowboys, LLC,* 2013 Tex. App. LEXIS 790 (Tex. App.—San Antonio 2013, pet. denied) and *Texan Pearl, LLC v. Koegel,* 2015 Tex. App. LEXIS 10510 (Tex. App.—Austin 2015, no pet.). Neither case addresses whether life tenancies are terminable at will, but rather address an issue that is not disputed, i.e. whether life tenancies are subject to the statute of frauds. *Rymes v. Caribbean Cowboys, LLC,* 2013 Tex. App. LEXIS 790 (Tex. App.— San Antonio 2013, pet. denied) ("[W]e hold that the Leases were not for terms

longer than one year since the contingency of the death of the appellants or the death of the appellants and/or their heirs could occur within a year of the signing of the Leases").[2]

## PRAYER

All of the evidence presented at trial demonstrates that Barnhart's legal status in connection with the property is solely that of a tenant. Because the tenancy was for an indeterminable time, it could be terminated by either party. Pensive Properties gave proper notice of termination under Section 24.005 of the Property Code. Therefore, the trial court committed reversible error in denying possession to Pensive Properties.

THEREFORE, for these reasons, Appellant requests the Court to reverse the trial court's ruling denying possession to Pensive Properties and award Appellant its costs on Appeal and for all other relief to which it may show itself justly entitled.

---

[2] Plaintiff also cites *Haley v. GPM*, 80 S.W.3d 114 (Tex, App. Amarillo 2002, no pet.) which actually supports a finding that this lease is terminable at will. In *Haley*, the parties had a written lease for one year term that was renewable every year for one year thereafter. The Court held *Holcombe* and other similar cases were not controlling because the written lease agreement *Haley* was clear, definite, and specific, unlike the lease in *Holcombe* and the one currently before the Court. *Id.* at 118.

Respectfully submitted,

JOHN M. DAVES
JOHN DAVES & ASSOCIATES, PLLC
State Bar No. 00794991
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)
john@johndaveslaw.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i) and contains 1408 words.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served upon Michael M. Probus Jr., 1701 Directors Blvd. Suite 290, Austin, Texas 78744, attorney of record for Appellee, electronically through

the electronic filing manager, in compliance with Tex. R. App. P. 9.5, on this 23rd day of November, 2015.

By: _____

JOHN M. DAVES

JOHN DAVES & ASSOCIATES, PLLC
State Bar No. 00794991
3624 North Hills Drive, Suite B-100
Austin, Texas 78731
(512) 346-6000
(512) 346-6005 (fax)
john@johndaveslaw.com

ATTORNEY FOR APPELLANT