

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01095-CV

Daniel **BULLARD**,
Appellant

v.

Shannon **HUDSON**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2023CV06019
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: March 13, 2024

DISMISSED FOR LACK OF JURISDICTION

This is an appeal in a forcible detainer action in which the clerk's record shows the county court at law signed a judgment of possession in favor of appellee Shannon Hudson on November 20, 2023. The clerk's record does not show that appellant Daniel Bullard paid a supersedeas bond to stay execution of the judgment. The county court at law subsequently issued a writ of possession to enforce the November 20 judgment, and the writ of possession was executed on January 2, 2024.

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782,

785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction was wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to pay a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless he: (1) timely and clearly expressed his intent to appeal; and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87. Because the record shows Bullard did not pay a supersedeas bond to stay execution of the November 20, 2023 judgment and that the writ of possession was subsequently executed, we ordered him to file a written response explaining why this appeal should not be dismissed as moot.

On February 12, 2024, Bullard filed the response required by our order. In his response, Bullard argued he had a potentially meritorious claim of right to possession to the property because he and Hudson were parties to a common-law marriage. The record before this court shows he also asserted this argument in the county court at law.

Justice courts and county courts at law have jurisdiction over forcible detainer cases, but they lack jurisdiction to resolve any associated trespass-to-try-title disputes. *See Smith v. Bourcy*, No. 06-23-00023-CV, 2023 WL 8008357, at *3–4 (Tex. App.—Texarkana Nov. 20, 2023, no pet.) (mem. op.). Because a spouse has vested rights in real property that serves as a family's homestead, a claim of common-law marriage can raise an issue of right to immediate possession even if the homestead is one spouse's separate property. *Id.* at *4. Such a claim can therefore be sufficient to divest the justice court and the county court at law of jurisdiction to consider a forcible detainer

lawsuit. *Id.* at \*3–4. However, to defeat the lower court's jurisdiction, a forcible detainer defendant must present some evidence to support his claim of common-law marriage. *See Winegardner v. Hughes*, Nos. 17-18-00434-CV & 07-19-00283-CV, 2020 WL 1966283, at \*1 n.3 (Tex. App.—Amarillo Apr. 23, 2020, no pet.) (mem. op.) (holding that because appellant did not present evidence to support his claim of common law marriage, there was "no record basis for questioning the jurisdiction of the justice court and county court at law in the forcible detainer proceeding"); *see also Effel v. Rosberg*, 360 S.W.3d 626, 629–30 (Tex. App.—Dallas 2012, no pet.) (holding appellant's unsupported claim of a life estate in the property did not divest justice court or county court at law of jurisdiction over forcible detainer).

We conclude Bullard did not do so. We note, as a threshold matter, that Bullard has not claimed he and Hudson were ever formally married, and he explicitly told the county court at law that they were not. A valid informal, or common-law, marriage requires three elements: (1) the parties agreed to be married; (2) after their agreement, they lived together in Texas as spouses; and (3) they represented to others in Texas that they were married. *Nguyen v. Nguyen*, 355 S.W.3d 82, 88 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). A common-law marriage "does not exist until the concurrence of all three elements." *Id.* (internal quotation marks omitted). In the county court at law, the parties agreed that they had previously lived together, and Bullard presented evidence that he had received mail at Hudson's address since at least 2007. However, neither Bullard nor Hudson presented evidence showing they had ever agreed to be married or ever represented to others that they were married. To the contrary, Hudson testified that she and Bullard had never jointly filed their taxes and had "claimed not to be married" in tax filings.

After reviewing the record, we see no evidence to support the required elements of Bullard's assertion that he and Hudson entered into a common-law marriage. *See id.* Accordingly, the justice court and the county court at law had jurisdiction to resolve this forcible detainer

dispute. *See Effel*, 360 S.W.3d at 629–30; *Winegardner*, 2020 WL 1966283, at *1 n.3, *6. And because the record does not show that Bullard asserted any other "potentially meritorious claim of right to current, actual possession," there was no longer any live controversy between the parties once the writ of possession was executed and Bullard vacated the property.[1] *See Marshall*, 198 S.W.3d at 787. We therefore conclude this appeal is moot and dismiss it for lack of jurisdiction. *Id.* at 790.

PER CURIAM

---

[1] Bullard testified below that he vacated the property at least five months before the forcible detainer proceedings.